IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESUS APARICIO and ELIZABETH APARICIO,<br><br>        Plaintiffs,<br><br><br><br><br>                 v.<br><br><br>     WELLS FARGO BANK, NA and eTITLE,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE<br><br><br><br><br><br>Case No. 2:11-CV-646 TS |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Samuel Alba.[1]  On July 15, 2011, the above-entitled matter was referred to Magistrate Judge Alba pursuant to 28 U.S.C. § 636(b)(1)(B).  Defendants eTitle and Wells Fargo Bank, NA, subsequently filed motions to dismiss.[2]

Magistrate Judge Alba scheduled a hearing on Defendants' pending motions at which Plaintiffs failed to appear.  The Magistrate Judge then issued an order to show cause, instructing

---

[1]Docket No. 30.

[2]Docket Nos. 7 & 11.

1

Plaintiffs to appear at a show cause hearing on October 18, 2011.  Plaintiffs once more failed to

appear.  The show cause order informed the Plaintiffs that "failure to appear at the October 18th

show cause hearing will result in the court's recommendation that this case be dismissed."[3]  The

Magistrate Judge issued his Report and Recommendation on October 20, 2011, recommending

that this matter be dismissed pursuant to Fed. R. Civ. P. 41(b).[4]  Fed. R. Civ. P. 41(b) states: "If

the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may

move to dismiss the action or any claim against it."

The Tenth Circuit has identified certain factors to consider in determining whether a

dismissal under Rule 41(b) is warranted.  These factors include: (1) the degree of actual

prejudice; (2) the amount of interference with the judicial process; (3) the culpability of the

litigant; (4) whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[5]

In this case, the Court finds that the degree of prejudice to Plaintiffs is not high given the

opportunities provided by the Magistrate Judge for Plaintiffs to pursue their case.  Moreover, the

Court finds that Defendants would be prejudiced if forced to continue to appear at hearings and

defend a case that Plaintiffs decline to prosecute.  The Court also finds that dismissal is

appropriate given the amount of interference Plaintiffs' actions have caused in the judicial

process.  Plaintiffs have failed to appear at multiple hearings and have failed to respond to direct

---

[3]Docket No. 28, at 2.

[4]Docket No. 30.

[5]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

orders of the Court.  Such actions constitute a waste of the Court's time and resources.  The Court also finds that Plaintiffs are directly culpable for the sanction as it is their failure to appear and prosecute their claims that brings about this dismissal.  Furthermore, the Magistrate Judge warned the Plaintiffs in advance that failure to appear at the show cause hearing could result in dismissal of their case.  Finally, the Court finds that a lesser sanction is not appropriate as such is unlikely to motivate Plaintiffs to actively pursue their case.

The Court notes that pursuant to the Report and Recommendation, Plaintiffs were given fourteen days to submit any objections to the Report and Recommendation.  The fourteen days have now passed and Plaintiffs have not submitted any objections.  It is therefore

ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED and, for the reasons outline above, Plaintiffs' case is DISMISSED pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court is directed to close this case forthwith.

DATED November 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

3